

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 1, 1949

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. V-838

Re: Whether bonds to be issued
under Secs. 17 and 18, Ar-
ticle VII, Constitution of
Texas, are eligible as col-
lateral for State deposits.

In your letter of May 23, 1949, you request the
opinion of the Attorney General as to whether the bonds
to be issued by The University of Texas and the Agricul-
tural and Mechanical College of Texas under the authority
of Section 18, Article VII, Constitution of Texas, come
within the requirements of Article 2529, Vernon's Civil
Statutes, so as to make such bond eligible as collateral
for State deposits. You also ask whether the bonds to be
issued by the several colleges under the authority of Sec-
tion 17 of said article are likewise eligible.

Article 2529 designates the type of obligations or
securities which are acceptable as such collateral. To be
eligible, the bonds in question would have to come within
the scope of the following language of the statute:

"bonds of this State; bonds and other obli-
gations issued by the University of Texas"

Section 18 of Article VII authorizes the Board of
Regents of The University of Texas to issue not exceeding
$10,000,000.00 of bonds or notes and the Board of Directors
of the Agricultural and Mechanical College of Texas to issue
not exceeding $5,000,000.00 of bonds or notes for building
purposes, and said boards are authorized to "pledge the
whole or any part of the respective interests of the Agri-
cultural and Mechanical College of Texas and of The Univer-
sity of Texas in the income from the Permanent University
Fund, as such interests are now apportioned by Chapter 42
。 。 。 for the purpose of securing the payment of the prin-
cipal and interest of such bonds or notes."

It is clear that the bonds to be issued by the Board of Regents of The University of Texas are eligible securities. Furthermore, it is our opinion that the bonds to be issued by the Board of Directors of the Agricultural and Mechanical College are eligible as "bonds of this State." Although said college is a branch of The University of Texas (Tex. Const. Art. VII, Secs. 10 and 13; Art. 2607, V.C.S.), we do not believe that this fact alone would make these bonds eligible.

However, it is our opinion that said college is a part of our State government, and that the State is acting in a governmental capacity in conducting said college for educational purposes and furnishing college buildings for use in carrying out such purposes. See the case of State v. Morgan, 170 S.W.2d 652 (Tex. Comm. App. 1943), wherein the court held that "the state in conducting through A. & M. College its experimental stations, was acting in a governmental capacity as distinguished from a proprietary capacity."

The bonds are to be secured by a pledge of the interests of the college in the Permanent University Fund, similar to the pledge to be made of the interests of The University of Texas in the issuance of bonds by the Board of Regents. The Permanent University Fund is manifestly a State fund.

It is, therefore, our opinion that the bonds to be issued by the Board of Regents of The University of Texas and by the Board of Directors of the Agricultural and Mechanical College of Texas under Section 18 of Article VII are eligible securities as collateral for State deposits under Article 2529.

It may be argued that the specification of the "bonds and other obligations issued by the University of Texas" amounts to an implied negative of the eligibility of bonds issued by other State institutions of higher learning. However, it is our opinion that the point of this quoted language is merely to make "other obligations" of the University of Texas eligible, for "bonds of this State" would not include any evidence of indebtedness other than a bond. "Other obligations" could conceivably include obligations payable from the revenues of self-liquidating properties, notes, etc. -- obligations other than bonds. However, Article 2529 speaks of bonds of this State, and Sections 17 and 18 of Article VII

authorize the issuance of the bonds in question.

As to the bonds to be issued by the several colleges under Section 17 of Article VII, provision is made for the payment therefor by the levy of "a state ad valorem tax on property of Five (5¢) Cents" upon all the taxable property of the State.

We believe that what we have said above with respect to the Agricultural and Mechanical College of Texas as a part of the State of Texas applies equally to all institutions of higher leaning established and maintained by the State. In other words, the State of Texas is performing a governmental function in the establishment, operation, and maintenance of such colleges.

Moreover, these bonds are to be paid by a State tax -- a tax levied on all the taxable property in the State of Texas, collected under State law, and placed in the State Treasury. Such tax moneys will constitute State funds. It follows that these bonds will be State obligations.

It is our opinion, therefore, that the bonds to be issued under the provisions of Section 17 of Article VII will be bonds of the State of Texas, and as such will be eligible as collateral for State deposits under Article 2529.

## SUMMARY

Bonds to be issued by the State educational institutions of higher learning under the provisions of Sections 17 and 18, Article VII, Constitution of Texas, will be eligible as collateral for State deposits under Article 2529, Vernon's Civil Statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL

GWS-s